IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OLIVIA BAYS, | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § | |
| NEW BRAUNFELS POLICE DEPARTMENT, CITY OF NEW BRAUNFELS, TEXAS, DETECTIVE CHRISTOPHER DIAZ, CHIEF OF POLICE KEITH LANE, BRAUNFELS, TEXAS; ASSISTANT CHIEF JOE VARGAS, NEW BRAUNFELS, TEXAS; OFFICER JOEL HAWK, OFFICER TIMOTHY SHAFFER, | § § § § § § § § § § § § § | SA-23-CV-01566-OLG |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#1], which was automatically referred to the undersigned on December 28, 2023. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will deny the motion to proceed IFP without prejudice.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs.  *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*  A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

Plaintiff Bays declares under penalty of perjury that she receives $2,436.00 per month in take-home pay or wages from disability or worker's compensation benefits.  Bays also declares that she has $2,034.00 in a checking or savings account.  Bays lists monthly expenses of $660.00 for housing, a vehicle payment of $550.00, and $400.00 to $600.00 in monthly utility expenses. Bays further lists medical expenses and housing, vehicle, and insurance debts, each of some unspecified amount.

Plaintiff Bays' Application fails to establish that she is entitled to IFP status.  The current federal poverty guideline for an individual is $14,580.00.  *See* Federal Poverty Leve (FPL), HEALTHCARE.GOV,   https://www.healthcare.gov/glossary/federal-poverty-level-fpl/   (last visited Jan. 12, 2024).  Bays' take-home monthly income of $2,436.00 equates to an annual

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

income of $29,232.00, which is over double the federal poverty level. Other courts in Texas have similarly denied IFP status to applicants closer to the federal poverty level than Bays. *See, e.g.*, *Grant v. Shiflett*, No. 3:03-CV-1959-R, 2003 WL 22466210, at *1 (N.D. Tex. Oct. 20, 2003), *report and recommendation adopted*, No. 3:03-CV-1959-R, 2003 U.S. Dist. LEXIS 20382 (N.D. Tex. Nov. 12, 2003) (denying IFP for an applicant with annual household income 25% above the federal poverty level). Even assuming monthly expenses of $2,000.00, Bays would be left with over $400 for discretionary spending each month. This, on top of Bays' savings totaling over $2,000, fails to establish Bays' IFP status. Because Bays has not shown why she should be granted IFP status, the Court will not evaluate the proposed complaint for frivolousness under 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **DENIED WITHOUT PREJUDICE**. Bays shall pay $405 to the Clerk of Court in filing and administrative fees within **30 days** (on or before **February 12, 2024**). If Bays disagrees with the Court's assessment, Bays may instead file a revised IFP application form within 30 days from the date of this Order. Any such revised IFP application must include complete, truthful explanations of Bays' monthly income and expenses. Failure to comply with this Order may result in dismissal. *See* Fed. R. Civ. P. 41(b).

SIGNED this 12th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE